[No. 5143.   Decided May 1, 1905.]

JOHN RUSSELL, *Trustee in Bankruptcy of Louis Popp et al., Bankrupts, Appellant,* v. POWELL, ROBERTS & FINLEY, *Respondent.*[1]

BANKRUPTCY—PREFERENCE—TRANSFER OF PROPERTY TO CREDITORS —VALIDITY. Where a bankrupt, within four months of his assignment, agreed to transfer certain property to two of his creditors in satisfaction of their claims, a transfer through a third party, who delivered a check in payment for the property, is void where the check was immediately transferred to the creditors, and by them back to the third party.

SAME—LIABILITY OF CREDITORS RETURNING THE PROPERTY. Where the bankrupt transferred certain of his property to two of his creditors, within four months of his assignment, in payment of their claims, the trustee is bound to accept a return of the property when tendered by the creditors, with the full value of any of the property sold by them, and cannot hold the creditors liable for the value of the property as fixed by the parties at the time it was received.

Appeal from an order of the superior court for Spokane county, Belt, J., entered October 31, 1903, setting aside the verdict of a jury rendered in favor of the plaintiff, after a trial on the merits, and granting a new trial, in an action by a trustee in bankruptcy against creditors for a fraudulent preference. Affirmed.

*A. J. Laughon* and *Tolman & Kimball,* for appellant, contended, *inter alia,* that the plaintiff could elect to re-

1Reported in 80 Pac. 837.

cover the value of the property transferred.   Brandenburg, Bankruptcy, p. 727; Collier, Bankruptcy, p. 427; *In re Phelps,* 3 Am. Bankr. Rep. 396.

*Cullen & Dudley,* for respondent.

PER CURIAM.—This action was brought by the plaintiff, as trustee in bankruptcy of Louis Popp and the partnership of Popp & Martin, to recover from the defendant certain payments, alleged to have been made by the bankrupts to the defendant within four months before the filing of the petition in bankruptcy, in violation of § 60 of the national bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562).   The complaint contains six causes of action.   The first cause of action was for the recovery of a payment of $1,400.35, alleged to have been made on the 2d day of October, 1901.   The second cause of action was for the recovery of a payment of $1,700, alleged to have been made on the 1st day of October, 1901.   The four remaining causes of action were dismissed by the plaintiff on his own motion, and will not be further considered. The cause was tried before a jury, and resulted in a verdict in the sum of $2,467.25, in favor of the plaintiff on the first and second causes of action.   The court set the verdict aside, and granted a new trial, for the reason that there was no testimony to sustain the verdict of the jury as to the second cause of action.   The correctness of this ruling is the only question presented on this appeal.

The facts in relation to the payment of the $1,700, referred to in the second cause of action, are as follows: On the 2d day of October, 1901, the bankrupt Popp was indebted to respondent in the sum of $1,407.90, for goods, wares, and merchandise theretofore sold to said Popp by the respondent, and on the same day the said Popp was

indebted to Jensen-King-Byrd Company in the sum of $296, for goods, wares, and merchandise, theretofore sold to said Popp by said Jensen-King-Byrd Company. Some time prior to the above date, Popp had informed the two creditors above named that he owned certain poles, posts, and timber contracts, which he could dispose of and pay his indebtedness to said firms; but he had taken no steps to that end prior to the above date. On the above date a representative of the respondent, and of said Jensen-King-Byrd Company, called on said Popp, and the latter agreed to transfer to his said creditors certain poles, posts, and timber contracts held by him, in full satisfaction of his indebtedness to said firms. Thereupon, for the convenience of all parties concerned, the said Popp, by bill of sale, transferred to the Colburn Mercantile Company, of Colburn, Idaho, all of said poles, posts, wood, timber contracts, etc.; and one La France, representing said Colburn Mercantile Company, executed and delivered to said Popp a check for the sum of $1,700. Popp immediately transferred the check to the agent of the respondent, who, in turn, transferred the same back to La France. Regardless of the agencies and instrumentalities through which this deal was consummated, the substance and legal effect of the transaction was that Popp transferred the property in question to the respondent and Jensen-King-Byrd Company, in satisfaction of his indebtedness to them, and the intervention of the check, and the Colburn Mercantile Company, was only a means to that end.

The Colburn Mercantile Company sold one carload of the poles, realizing therefrom the sum of about $60, and after the adjudication in bankruptcy, the respondent offered to return to the appellant all the property received by it or the Colburn Mercantile Company, except the car load of poles which had been sold, and in lieu thereof

offered the money realized from the sale. The appellant refused to accept the offer, and insisted on the payment of the $1,700 in cash. It is insisted by the appellant that the title to the property passed to the Colburn Mercantile Company by the bill of sale, and by certain acts of the purchaser pursuant thereto, and, for the purpose of this appeal, we will assume that such was the case. The respondent contends that there was a variance between the allegations and the proofs, inasmuch as a cash payment is averred, and a payment by transfer of property is proved. But, for the purpose of this appeal, we will again assume that no such variance exists.

On the merits of the case, we think the ruling of the court below was correct, and should be affirmed. As stated above, it clearly appears from the testimony that the bankrupt transferred property to the respondent or its agent, in satisfaction of a debt; and, upon the adjudication in bankruptcy, respondent offered to return the property remaining to the appellant, as trustee in bankruptcy, and the full market value of the property sold. This is all the trustee could insist upon in law or equity. If the creditor of one who is afterwards adjudged a bankrupt receives property from the bankrupt, in satisfaction of a debt, within the previous four months, and offers to restore the same property to the trustee in bankruptcy, he offers full restitution, and cannot be held for more. One of the purposes of the bankruptcy act was to secure an equal division of the bankrupt's estate among his creditors, and to this end certain preferences are prohibited. When a creditor has received a preference by way of transfer of property, and offers to return the same property, thereby placing the relations between him and the bankrupt in *statu quo,* he has done all the bankruptcy act requires of him. In *Dickinson v. Security Bank,* 110 Fed.

353, a creditor, who had received the note of a third person from the bankrupt, and credited the face value thereof on the bankrupt's account, offered to return the note to the trustee, after the adjudication in bankruptcy, but the trustee refused to accept the same, insisting on the amount of cash for which the note was accepted in payment. The circuit court of appeals for the fourth circuit held that the trustee must accept the note, and could not insist upon the payment of the cash value which the parties had placed on the note when the same was accepted in payment of the pre-existing debt. So in this case, when the respondent offered to return the property received by it, and the full amount received for the property sold, it offered full restitution, and the trustee cannot insist upon the payment of the cash value placed on the property by the parties at the time the same was received in payment of the pre-existing debt.

There is no error in the record, and the order is affirmed.